SHUROD RANKIN,

          Plaintiff,

v.                                **ORDER**

LIEUTENANT NORWOOD, et al.,

          Defendants.

On April 9, 2024, Shurod Rankin ("plaintiff"), a detainee at the Cumberland County Detention Centner, proceeding *pro se* and without prepayment of fees, filed this complaint under 42 U.S.C. § 1983. See [D.E. 1, 2, 7].

The court now conducts its initial review under 28 U.S.C. § 1915A and, for the reasons discussed below, dismisses the action for failure to state a claim upon which relief may be granted.

Legal Standard:

When a prisoner seeks relief in a civil action from a governmental entity or officer, a court must dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1). A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of a pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). A pro se plaintiff's pleading, however, must contain "more than labels and conclusions," see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008), and the court need not accept as true any legal conclusions or unwarranted factual inferences, see Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Further, a plaintiff also "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676; see Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

### Plaintiff's Complaint:

Plaintiff names as defendants Cumberland County Detention Center Lieutenant Norwood, Sergeant P. Fobbs, and Major Adams (collectively, "defendants"). Compl. [D.E. 1] at 3–4.

Plaintiff alleges that: he was removed from his housing unit on February 13, 2024; Fobbs and Ofc. Locklear did a property inventory, but "all commissary was not properly recorded or stored"; Fobbs "forged" initials on the inventory sheet and did not allow him to assess his property and review the inventory as per protocol; Norwood, a supervisor, "failed to give the situation proper attention" and "overlooked . . . blatant misconduct"; items worth $47.32 are missing; he filed grievances; and Norwood said his receipts did not add up to his claims. Id. at 5–6.

As to his injuries, plaintiff states: "Loss of commissary, financial abuse by institution, mental anguish from staff of the Cumberland County Detention Center." Id. at 7.

2

Case 5:24-ct-03089-M-RJ   Document 8   Filed 11/19/24   Page 2 of 4

For relief, plaintiff states: "Award me my proper refund and order compensation for my claim of financial abuse by institution and mental anguish." Id. at 8.

Discussion:

Although plaintiff alleges that defendants wrongly deprived him of personal property, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984); see Mora v. City of Gaithersburg, 519 F.3d 216, 231 (4th Cir. 2008). Here, because plaintiff has a meaningful postdeprivation remedy available in state court, see Wilkins v. Whitaker, 714 F.2d 4, 6–7 (4th Cir. 1983), he fails to state a viable § 1983 claim as to property deprivation.

Next, although pretrial detainees maintain due process rights against restrictions that amount to punishment, see Bell v. Wolfish, 441 U.S. 520, 536–39 (1979), plaintiff does not plausibly allege that defendants' actions were punitive, and his bald allegations of "mental anguish" also fail to state a viable § 1983 claim, see Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Twombly, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level").

Finally, because plaintiff's complaint cannot be cured by amendment, dismissal is appropriate, see Goode v. Cent. Virginia Legal Aid Soc'y, Inc., 807 F.3d 619, 628 (4th Cir. 2015), and the court declines to exercise supplemental jurisdiction over any lingering state-law claims, see 28 U.S.C. § 1367(c)(3) (granting courts discretion to decline supplemental jurisdiction over a pendent State claim where the court has dismissed all claims over which it has original jurisdiction); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966) (noting "pendent

3

Case 5:24-ct-03089-M-RJ    Document 8    Filed 11/19/24    Page 3 of 4

jurisdiction is a doctrine of jurisdictional discretion" and that, "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well"); Hinson v. Norwest Fin. S.C., Inc., 239 F.3d 611, 617 (4th Cir. 2001) (holding the district court possesses "inherent power to dismiss the case . . . provided the conditions set forth in § 1367(c) for declining to exercise supplemental jurisdiction have been met").

## Conclusion:

Accordingly, the court DISMISSES the complaint for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915A(b)(1). The clerk shall close the case.

SO ORDERED this 19th day of November, 2024.

RICHARD E. MYERS II
Chief United States District Judge